IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE DOE,

    *Plaintiff*,

v.                                                     Civil No.: 1:23-cv-01184-JRR

MERCY HIGH SCHOOL, INC., *et al.*,

    *Defendants*.

**MEMORANDUM OPINION**

Pending before the court are Plaintiff Jane Doe's Motion to Vacate Order of Dismissal without Prejudice as to Defendant Sisters of Mercy of the Americas, Inc. ("SOM"), and Mercy Education System of the Americas, Inc. ("MESA") (ECF No. 47; the "Motion to Vacate"), and Motion for Leave to File a Second Amended Complaint (ECF No. 48; the "Motion for Leave to Amend"). SOM and MESA oppose the Motions.[1] The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion to Vacate will be denied, and the Motion for Leave to Amend will be granted.

**I.      BACKGROUND**

The action concerns Defendants' alleged failure to prevent and protect Plaintiff from repeated sexual abuse by Ernest Jackson, IV, an assistant indoor track coach with Mercy High School. (ECF No. 33 ¶ 2.) SOM, directly and through MESA, sponsors Mercy High School. *Id.* ¶ 13. The court incorporates the extensive background set forth in its prior memorandum opinion at ECF No. 42.

---

[1] Defendants Mercy High School, Inc., Board of Trustees of Mercy High School, Inc., and Mercy High School Asset Management, LLC, consent to Plaintiff's Motion for Leave to Amend. (ECF No. 48 ¶ 4.)

Plaintiff initiated this action on or around April 10, 2023, and it was subsequently removed to this court on May 4, 2023. (ECF Nos. 1, 4.) Defendants filed motions to dismiss; Plaintiff opposed the motions and also filed a motion for leave to file an amended complaint. (ECF Nos. 15, 16, 19.) The court granted Plaintiff leave to amend on August 22, 2023. (ECF No. 32.) In her Amended Complaint, Plaintiff asserted the following counts against SOM and MESA: Negligent Hiring (Count I); Negligent Supervision, Retention, and Training (Count II); Breach of Fiduciary Duty (Count IV); and Negligence (Count VIII). (ECF No. 33; the "Amended Complaint.") Relevant here, SOM and MESA sought to dismiss all claims against them. (ECF No. 34.) The court granted SOM and MESA's motion, dismissing all counts against them because Plaintiff failed to plead sufficient facts to allege an employment relationship between SOM and MESA—key to Plaintiff's liability theory. (ECF No. 42.)

## II.    ANALYSIS

Plaintiff now moves the court to vacate its order dismissing her claims against SOM and MESA (without prejudice) so that she may seek leave to amend her Amended Complaint. (ECF No. 47.) She simultaneously moves for leave to file her proposed Second Amended Complaint, which attempts "to cure her pleading deficiencies" by "adding two standalone counts against [SOM and MESA]"—general negligence and breach of fiduciary duty—with detailed factual support for each claim, neither of which requires an alleged employment relationship. (ECF No. 48 ¶ 8; ECF No. 48-1 at p. 4.) Plaintiff contends that amendment does not prejudice SOM or MESA, is not futile, and is for good cause and no improper purpose. (ECF No. 48-1 at p. 4–5.) SOM and MESA oppose Plaintiff's Motions, arguing that leave to amend should be denied because they would be prejudiced by the proposed amendment.[2] (ECF No. 51 at p. 4.)

---

[2] SOM and MESA also assert in a footnote that amendment would be futile because the proposed Second Amended Complaint fails to state a claim upon which relief may be granted against SOM and MESA under Federal Rule of

### A. Motion to Vacate

Plaintiff first asks this court to vacate its dismissal of SOM and MESA as Defendants to this action to free the way for her to seek leave to file her proposed Second Amended Complaint. (ECF No. 47.)  Plaintiff avers that the court must vacate its prior order of dismissal without prejudice and without leave to amend because it constitutes a "final and appealable order." (ECF No. 47-1 at p. 3.)  "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citations omitted).  "Ordinarily, a district court order is not 'final' until it has resolved *all* claims as to all parties." *Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022) (emphasis in original) (quoting *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015)).  The dismissal of "a complaint or all claims without providing leave to amend," is a final judgment. *Id.* at 796.

Pursuant to Rule 54(b), in an action where there is "more than one claim for relief" or "multiple parties are involved":

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).  "The rule does not require that a judgment be entered when the court disposes of one or more claims or terminates the action as to one or more parties." 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2654 (4th ed.).  "Absent a certification under Rule 54(b)[,] any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." *Id.*

---

Civil Procedure 12(b)(6).  (ECF No. 51 at p. 4 n.2.)  In view of the court's previous opinion and order in which it explained that arguments of futility that "are heavily rooted in the sufficiency and nature of the allegations . . . are better aired and evaluated by way of" Rule 12(b)(6) motions, SOM and MESA defer such briefing until and unless it becomes necessary. *Id.* (ECF No. 32.)

3

With post-judgment motions to amend, "a plaintiff may only amend her complaint following a judgment if [she] file[s] a motion to reopen or to vacate the judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b)." *Britt,* 45 F.4th at 793 (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (*en banc*)); *see Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011) ("[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to FED. R. CIV. P. 59(e) or 60(b)."). The same, however, is not true with pre-judgment motions to amend. *See Laber*, 438 F.3d at 427 (noting the "difference" between pre- and post-judgment motions to amend).

Here, the court's order dismissing the claims against SOM and MESA (as opposed to the Amended Complaint as a whole) constitutes an interlocutory order because it dismissed fewer than all of the claims and all of the parties, and it was not accompanied by certification of final judgment. *See* FED. R. CIV. P. 54(b). The court is thus not persuaded that, pursuant to *Laber* and its progeny, it must vacate its interlocutory order dismissing SOM and MESA without prejudice in order to allow Plaintiff to seek leave to file her proposed Second Amended Complaint.[3] The Motion to Vacate will therefore be denied.

### B. Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

---

[3] Even if vacatur were required for the court to grant Plaintiff's Motion for Leave to Amend, it would employ the same standard for analyzing both Motions. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("[A] court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.") (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).

motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(3). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509 (citing *Foman*, 371 U.S. at 182); *see Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)).

SOM and MESA oppose Plaintiff's Motion for Leave to Amend as prejudicial. "Prejudice is the weightiest factor, the absence thereof, 'though not alone determinative, will normally warrant granting leave to amend.'" *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018), *aff'd sub nom. Oliver v. Bartholomew*, 785 F. App'x 166 (4th Cir. 2019)

(quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). "Prejudice is 'often determined by the nature of the amendment and its timing.'" *Medline Indus., Inc. v. York Bldg. Prod. Co.*, 702 F. Supp. 3d 403, 408–09 (D. Md. 2023) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). Specifically, the Fourth Circuit has explained:

> A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber*, 438 F.3d at 427 (citations omitted)); *see Medline Indus., Inc.*, 702 F. Supp. 3d at 408–09 (same). Relatedly, amendment may be prejudicial if it would "render prior discovery a misdirected use of resources." *Future Field Solutions, LLC v. Van Norstrand*, No. CV DKC 23-1301, 2023 WL 8934021, at *3 (D. Md. Dec. 27, 2023) (citing *Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009)).

Relevant here, this court has repeatedly held that "'the time, effort, and money . . . expended in litigating [a] case' do not constitute 'substantial prejudice' weighing against leave to amend." *Best v. Newrez LLC*, No. GJH-19-2331, 2020 WL 5513433, at *8 (D. Md. Sept. 11, 2020) (quoting *Class Produce Group, LLC v. Harleysville Worcester Ins. Co.*, No. ELH-16-3431, 2017 WL 2377105, at *9 (D. Md. May 31, 2017)); *see, e.g.*, *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, No. CV ELH-22-1956, 2024 WL 449323, at *17 (D. Md. Feb. 6, 2024) (same); *Future Field Solutions, LLC v. Van Norstrand*, No. CV DKC 23-1301, 2023 WL 8934021, at *3 (D. Md. Dec. 27, 2023) (same); *see also All Weather, Inc. v. Optical Sci., Inc.*, 443 F. Supp. 3d 656, 664 (D. Md. 2020) (noting how a party claimed that it had "'expended substantial resources in response to the Complaint,' but [could] point to no other prejudice from allowing the amendment, which comes

before discovery and only purports to add new theories and correct and clarify the facts already alleged").

Indeed, this court has rejected argument that being required to respond to multiple complaints constitutes prejudice. *See, e.g.*, *Best*, 2020 WL 5513433, at *8 (explaining that a party's time, effort, and money in filing multiple motions to dismiss does not constitute substantial prejudice). By way of example, recently in *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, the court reasoned:

> Compass's claim of prejudice is, in essence, that it has incurred needless expense responding to Terran's serially amended complaints. However, in general, "the time, effort, and money . . . expended in litigating [a] case" do not constitute "substantial prejudice." *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, 4:05-CV-0033, 2006 WL 1289545, at *3 (M.D. Pa. May 9, 2006); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (concluding that the time, effort, and money expended by the plaintiffs in litigating the case did not amount to substantial prejudice). . . .
>
> To be sure, expense incurred in responding to an adversary's *bad faith* litigation tactics would likely constitute prejudice sufficient to justify denial of leave to amend. Here, however, the Court has no basis to conclude that the amendments effected by Terran were made in bad faith.

No. CV ELH-22-1956, 2024 WL 449323, at *17 (D. Md. Feb. 6, 2024) (emphasis in original) (footnote omitted).

SOM and MESA contend they would be prejudiced by the filing of Plaintiff's proposed Second Amended Complaint because she has merely shifted her theory of liability but not asserted any new factual allegations, and because they have had to prepare two motions to dismiss thus far, and "will most certainly" file another. (ECF No. 51 at p. 4.) Absent bad faith, which the court does not find and SOM and MESA do not suggest, such assertions are insufficient to demonstrate prejudice, especially where discovery has not yet occurred. *See, e.g.*, *Laber*, 438 F.3d at 427 ("An

7

amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." ); *Best*, 2020 WL 5513433, at *8, *supra*; *Terran Biosciences, Inc.*, 2024 WL 449323, at *17, *supra*.

SOM and MESA's reliance on *Daulatzai v. Maryland* is not persuasive.  606 F. Supp. 3d 252 (D. Md. 2022), *aff'd,* 97 F.4th 166 (4th Cir. 2024).  In *Daulatzai*, the plaintiff moved for leave to file her third amended complaint after the court dismissed her second amended complaint in its entirety.  *Id.* at 259.  The court denied plaintiff's motion for a myriad of reasons, including: undue delay; the "manner in which [the plaintiff's] pleading [had] developed," specifically that she had articulated no reason why her "factual additions" could not have been included in an earlier pleading; bad-faith pleading and gamesmanship; and that the gamesmanship "had also caused significant prejudice to" the defendants.  *Id.* at 262–63, 265.  The facts and circumstances in *Daulatzai* are materially distinct from those present here, where there is no indication of bad faith by Plaintiff and where Plaintiff has offered proper justification for the proposed amendment, *e.g.*, to account for the court's opinion and order dismissing counts against SOM and MESA. Moreover, the "significant prejudice" caused by the *Daulatzai* plaintiff's gamesmanship is not present here.

This action is still in the early stages of litigation, as no scheduling order has been issued and no discovery has occurred.  *See Laber*, 438 F.3d at 426, *supra*.  SOM and MESA have demonstrated no prejudice, and Plaintiff has not acted in bad faith or anything of the sort. Similarly, Plaintiff's proposed Second Amended Complaint seeks to account for precise deficiencies identified in the court's previous memorandum opinion and order, so the amendment is not clearly insufficient or frivolous on its face.  *See Johnson*, 785 F.2d at 509–10, *supra*.  In

view of the foregoing, the court will permit Plaintiff to file her Second Amended Complaint. The Motion for Leave to Amend will be granted.

I.   CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Motion to Vacate (ECF No. 47) will be denied, and Plaintiff's Motion for Leave to Amend (ECF No. 48) will be granted.

October 8, 2024                                                     /s/_____
                                                                    Julie R. Rubin
                                                                    United States District Judge